IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA HILLEGAS, | ) |
| Plaintiff, | ) ) ) ) CIVIL ACTION NO. 3:12-134 |
| v. | ) JUDGE KIM R. GIBSON |
| COUNTY OF BEDFORD, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER OF COURT

### I. SYNOPSIS

Pending before the Court is Defendant County of Bedford's "Motion to Dismiss for Failure to State a Claim" (Doc. No. 5) seeking dismissal of claims asserted in Plaintiff Tina Hillegas' Complaint (Doc. No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the Motion. (See Doc. No. 8-9.) For the reasons that follow, the Motion is **DENIED**.

### II. JURISDICTION AND VENUE

This court exercises subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and 42 U.S.C. § 2000e–5(f), and over Plaintiff's state claims pursuant to 28 U.S.C. § 1367(a). Venue is proper under 28 U.S.C. § 1391(b).

### III. BACKGROUND

This case arises from Plaintiff's termination from employment as a Lieutenant for the Bedford County Prison. (See Doc. No. 1 at 1). Plaintiff was hired as a corrections officer in 2006 and subsequently promoted to Lieutenant in 2008. (See Doc. No. 1 at 1). Plaintiff became

1

the subordinate of Donald Orr beginning in March of 2010 when Orr was hired by the County of Bedford to serve as the prison's warden. (See Doc. No. 1 at 1).

Plaintiff alleges that, as warden, Orr would treat men more favorably than women by choosing only male correctional officers over female officers to perform certain jobs. (See Doc. No. 1 at 2). Orr would also ignore female officers by turning his back to them when they spoke to him. (See id.). Orr would repeatedly opine that "the Prison was not a place for women." (See id.). Orr would also discipline female officers for certain incidents, but not discipline male officers for the same transgressions. (See id.). On April 17, 2010, Plaintiff alleges Orr stated that a female lieutenant would be removed from her position soon, and that this was "something he never said about any male lieutenant." (See id.). In September 2010, Orr indicated to Plaintiff that "karma" would "come back against her" after she "signed off on a report" by a male corrections officer; however, this threat was not made to the male officer who authored the report. (See id.). On September 14, 2010, Orr stated to male lieutenants that he would not support them if they worked with the Plaintiff. (See id.). Plaintiff and other corrections officers complained to both the warden and the Prison Board, but the complaints were never investigated. (See id. at 3.) Finally, Plaintiff alleges Orr required her to "work jobs which would have violated the law," and in turn, forced Plaintiff to resign. (See id.).

Plaintiff pursued her administrative remedies and was issued a Notice of Right to Sue on August April 7, 2012. (See id.). Plaintiff filed her Complaint (Doc. No. 1) on July 2, 2012. The Complaint states one Count for violations of Title VII—sexual harassment, and hostile work environment, and one Count for violations of Section 5 of the Pennsylvania Human Relations Act. (See Doc. No. 1 at 2-3.) Plaintiff seeks damages for her loss of earnings, severe emotional

2

and psychological distress, and an assignment to the job that she would now be occupying if the discriminatory practices of Defendant had not otherwise occurred. (See id.).

Defendant filed its Motion to Dismiss (Doc. No. 5) on August 8, 2012, and Brief in Support (Doc. No. 6) on August 30, 2012. Plaintiff filed her Response (Doc. Nos. 8, 9) on September 20, 2012. The motion is now ripe for disposition.

## IV. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) allows a party to seek the dismissal of a complaint or portion of a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In order to avoid dismissal under Rule 12(b)(6), a pleading party's complaint must provide "enough factual matter" to allow the case to move beyond the pleading stage of litigation; the pleader must "'nudge [his or her] claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

While the decisions of the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), represented a significant change in federal pleading standards, the United States Court of Appeals for the Third Circuit has provided clear guidance to district courts. To determine the sufficiency of a complaint under the pleading regime established by *Twombly* and *Iqbal*, a court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Iqbal*, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the

3

assumption of truth." *Id.* at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

A claim is plausible on its face when the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 263 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 US. at 678). In determining whether the well-pleaded factual allegations plausibly give rise to an entitlement for relief, the court must be mindful that the matter pleaded need not include "detailed factual allegations." See *Phillips*, 515 F. 3d at 231 (quoting *Twombly*, 550 U.S. at 555). Moreover, a pleading party "need only put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 213 (3d Cir. 2009). However, the factual allegations "must be enough to raise a right to relief above the speculative level." *Phillips*, 515 F. 3d at 232 (quoting *Twombly*, 550 U.S. at 555). Rule 8(a)(2) "requires a 'showing' rather than a blanket assertion of an entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556 n.3). "[L]egal conclusions" and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice" as bona fide factual material. *Iqbal*, 556 U.S. at 678. If a district court determines that a complaint is vulnerable to 12(b)(6) dismissal, the court must permit a curative amendment, irrespective of whether Plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F. 3d at 236.

## V. DISCUSSION

In her Complaint, Plaintiff advances counts for sex discrimination under Title VII of the Civil Rights Act[1] and Section 5 of the Pennsylvania Human Relations Act[2] against Defendant. In its Motion to Dismiss and Brief in Support, Defendant contends that Plaintiff fails to allege facts sufficient to state a claim for which relief can be granted. (See Doc. Nos. 8 at 1-5; 9 at 7-11). Specifically, Defendants argue that Count I should be dismissed because Plaintiff (1) failed to set forth any statement of the claim, and (2) failed to state a claim upon which relief can be granted based upon a lack of facts in the complaint. (See Doc. No. 5). Plaintiff contends that the complaint sets forth a statement of the claim and is factually sufficient under the standard required by *Twombly* and *Iqbal*. (See Doc. No. 8-9).

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(l). In addition, "[i]t is well established that a plaintiff can demonstrate a violation of Title VII by proving that sexual harassment created a hostile or abusive work environment." *Kunin v. Sears Roebuck & Co.*, 175 F.3d 289, 293 (3d Cir.1999). For a claim of sexual discrimination under a theory of hostile work environment "five constituents must converge ... (1) the employees suffered intentional discrimination because of their sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the

---

[1] Although Plaintiff's first count is written as "Title VIII," the Court will proceed under the impression that Plaintiff intended to file under Title VII because the allegations contained within the complaint are relevant to a Title VII claim (employment discrimination) and not a Title VIII claim (housing).

[2] Title VII and PHRA claims are analyzed similarly. *Atkinson v. LaFayette College*, 460 F.3d 447, 454 n.6 (3d Cir. 2006); see also *Kelly v. Drexel University*, 94 F.3d 102, 105 (3d Cir. 1996).

5

same sex in that position; and (5) the existence of respondeat superior liability." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1482 (3d Cir.1990).

To determine whether the work environment is hostile, the fact-finder considers the totality of the circumstances, including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993). However, Title VII is not a "general civility code" and "does not prohibit 'genuine but innocuous differences in the ways men and women routinely interact with members of the same sex and of the opposite sex.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81, (1998)).

Here, Plaintiff has raised the following factual allegations: her supervisor, Warden Orr, would choose men over women for jobs; he would discipline women instead of men for the same conduct; he would say that women did not belong; and, he would turn his back while women employees spoke to him. Additionally, Plaintiff alleges that Warden Orr told female employees that one of them was at risk of losing her job. On another occasion, he said to Plaintiff that "karma would come back around," because she merely signed a report authored by a male officer. Further, this co-worker did not receive a similar chiding by the Warden. Also, Orr warned male employees against working with Plaintiff. (See Doc. No. 1 at 3).

Defendant contends that Plaintiff has failed to plead the claim with factual specificity as to the exact incidents of harassment. (See Doc. No. 6 at 7-8). At this stage of the litigation, however, the Plaintiff need not include "detailed factual allegations." See *Phillips*, 515 F. 3d at 231. Additionally, the complaint does allege specific examples—with dates—where Plaintiff

6

was threatened or disciplined by her supervisor. (See Doc. No. 1 at 2). While Defendant alleges that the complaint lacks specificity with a "limited time frame provided ... to identify the circumstances surrounding the alleged statements or actions," this Court is cognizant of the fact that a hostile work environment occurs over time and "cannot be said to occur an any particular day." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). Additionally, this Court notes that further details of Plaintiff's factual allegations may be found once discovery is conducted in this case, and that if insufficient evidence is found, Defendant may pursue a motion for summary judgment once the discovery period has closed.

Defendant also avers that the allegations contained within the complaint do not "warrant statements that could constitute sex discrimination and/or harassment and/or hostile work environment." (See id.). This, however, is a contention better raised on summary judgment, as Plaintiff's complaint contains sufficient factual allegations to *raise a reasonable expectation that discovery will reveal evidence* to support findings that (1) Plaintiff suffered intentional discrimination because of her sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected Plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of respondeat superior liability. Plaintiff has pled sufficient factual allegations to state a *plausible* claim of "hostile work environment" sexual harassment. Consequently, Defendants' motion to dismiss the claim is denied.

## VI.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 5) is **DENIED**. An appropriate order follows.

7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA HILLEGAS,<br><br>            Plaintiff,<br><br>v.<br><br>COUNTY OF BEDFORD,<br><br>            Defendant. | CIVIL ACTION NO. 3:12-134<br>JUDGE KIM R. GIBSON |

## ORDER

**AND NOW**, this 10th day of April 2013, upon consideration of Defendant's Motion to Dismiss (Doc. No. 5), and in accordance with the Memorandum, it is **HEREBY ORDERED** that the motion is **DENIED**.

BY THE COURT:

_____
**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**